■ In the Matter of DIANE STILLMAN et al., Respondents, v. SCHOOL DISTRICT AND BOARD OF EDUCATION OF ROCKVILLE CENTRE, Respondent, and SCHOOL DISTRICT AND BOARD OF EDUCATION OF GARDEN CITY, Appellant.— Judgment of the Supreme Court, Nassau County, dated September 29, 1969, affirmed on the opinion rendered at Special Term [60 Misc 2d 819], with one bill of $10 costs and disbursements payable jointly to respondents filing separate briefs. Hopkins, Acting P. J., Munder, Kleinfeld, Brennan and Benjamin, JJ., concur.

■ In the Matter of the Investigation into the Death of JOSEPH TALERICO. — Separate appeals from an order of the Supreme Court, Kings County, dated June 26, 1969, which (1) accepted a report dated June 26, 1969 and a separate report of recommendations dated June 9, 1969, of the Third Additional November 1968 Grand Jury, Kings County, concerning alleged non-criminal misconduct, nonfeasance and neglect in office by certain public officers or employees of the City of New York and (2) directed that the reports be sealed and not filed as a public record until expiration of a specified period of time. Order modified, on the law and the facts, by (1) striking from its adjudicatory and decretal provisions all reference to the report dated June 26, 1969; (2) adding a provision thereto (a) adjudging that said report does not comply with the provisions of subdivisions 1 and 2 of section 253-a of the Code of Criminal Procedure and (b) directing that said report shall be sealed and not filed as a public record, subject to subpoena or otherwise made public; and (3) adding a further provision thereto directing that the second paragraph of the first page and the three paragraphs of the " Conclusion " on the last page of the separate report of recommendations dated June 9, 1969 be deleted, sealed, and not filed as a public record, subject to subpoena or otherwise made public. As so modified, order affirmed. In our opinion the report dated June 26, 1969 must be sealed. It accuses two public officials of nonfeasance and neglect without making a recommendation of removal or disciplinary action based on the accusations. There is no authority for the Grand Jury to make a report unless such a recommendation is made (Code Crim. Pro., § 253-a, subd. 1, par. [a]; subd. 2; *Matter of Report of 1966 October Monroe County Grand Jury*, 27 A D 2d 980). This report finds two other public officials guilty of nonfeasance and neglect as a basis for a recommendation of disciplinary action. We are of the opinion that these findings are not supported by the preponderance of the credible and legally admissible evidence. We point out that there is a duty by statute upon the court to which a grand jury report is presented to make a thorough examination of the record to determine if the report complies with the statutory requirements before the court accepts the report for filing. (Cf. *Matter of Second Report of the November 1968 Erie County Grand Jury*, 26 N Y 2d 200.) The separate report of recommendations dated June 9, 1969, with the deletions herein ordered, reflects the thorough and conscientious work of this Grand Jury and should be made public. Beldock, P. J., Christ, Brennan, Hopkins and Martuscello, JJ., concur.