Irwin Brownstein, J.
Defendant, indicted for grand larceny, third degree (two counts) and fraudulent accosting, *150 makes this omnibus motion seeking the following relief: I. for an order declaring section 165.30 of the Penal Law unconstitutional; II. for a bill of particulars; III. for discovery and inspection; IV. for a Wade hearing.
I. The court considers the constitutionality of section 165.30 of the Penal Law which provides:
"1. A person is guilty of fraudulent accosting when he accosts a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game.
"2. A person who, either at the time he accosts another in a public place or at some subsequent time or at some other place, makes statements to him or engages in conduct with respect to him of a kind commonly made or performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property.”
Defendant contends that the statute is unconstitutional in that it violates the guarantee by the Fourteenth Amendment of due process in that it is vague and does not sufficiently define what is meant by a confidence game so as to inform a person whether his conduct and acts may or may not come within its provisions. Defendant further contends that the present statute (165.30 as amd by L 1971, ch 772) which now includes the element of intent therein does not sufficiently cure its vagueness and indefiniteness. Defendant relies on People v Harris (64 Misc 2d 510), decided before the statute was amended, declaring former section 165.30 of the Penal Law unconstitutional.
The Supplementary Practice Commentary to section 165.30 of the Penal Law (as amd.), by Arnold Hechtman, states (McKinney’s Cons. Laws of N.Y., Book 39, Penal Law, 1974-1975 Pocket Part, pp 238-239): "L 1971, c 772, recasting the crime of Fraudulent Accosting, is an attempt to overcome the constitutional deficiencies of the prior version found by the Appellate Term, First Department, in People v Harris, 1969, 64 Misc 2d 510. The court there pointed to "an absence on its face of any requirement that the action proscribed be committed with a fraudulent purpose or fraudulent intent.” The amended provision now requires, as an element of the crime, an "intent to defraud * * * by means of a trick, swindle or confidence game”. To meet the Harris court’s objection to the establishment of criminality by "the expertise and observations of the officer, based on facts not made part of the crime *151 by the statute itself,” subdivision 2 of the amended section only creates a presumption of intent to defraud from the statements made or the conduct engaged in. Proof that the statements and conduct were of a kind commonly used in confidence games will remain a matter for expert testimony— there being no practical way for a statute to delineate all the statements and conduct that are or can be employed to swindle people.”
"Confidence game” is defined as essentially a swindle operation in which advantage is taken of the confidence reposed by the victim in the swindler (Black’s Law Dictionary [4th ed., 1951], p 370; People v Epstein, 338 Ill 631; State v Theriot, 139 La. 741).
The essence of the offense is the swindling and defrauding of the victim after gaining his confidence. The statute is broad and comprehensive in its terms and is designed to cover any swindling operation. Rules of conduct must necessarily be expressed in general terms and depend for their application upon circumstances, and circumstances vary. By the very nature of the crime, each case arising under this statute largely depends on its own peculiar facts and circumstances.
The expression "confidence game” as contained in the statute before the court is found in similar criminal statutes in other States. In People v Bertsche (265 Ill 272, 283) wherein a statute similar to the one involved in the case at bar, was attacked on the ground that it was unconstitutionally vague, the court stated: "No more certain definition could be given than that method of swindling called the conñdence game. The means that may be used are different and varied, but that fact no more renders the statute uncertain than the different means employed to gain entrance to a building make burglary uncertain or the various means by which death may be caused render the crime of murder uncertain.” (Emphasis supplied; see Lazar v State, 275 P2d 1003 [Okl Cr]; State ex rel. Kavanaugh v Mitchiner, 204 La 415.) Furthermore, any danger to defendants which might otherwise arise from indefiniteness is removed by the inclusion within the statute that fraudulent accosting must be with the intent to defraud by means of a confidence game.
In passing upon the challenge as to the constitutionality of section 165.30 of the Penal Law, the court takes cognizance of the well established principle that this statute, like all other legislative enactments, is supported by a strong presumption *152 of validity, and to establish the contrary, the unconstitutionality of this statute must be demonstrated beyond a reasonable doubt. (Matter of Van Berkel v Power, 16 NY2d 37, 40; People v Pagnotta, 25 NY2d 333.) To satisfy the constitutional requirements of due process, a statute must be sufficiently defined to give a reasonable man subject to it notice of the nature of what is prohibited and what is required of him. (People v Byron, 17 NY2d 64, 67; Lanzetta v New Jersey, 306 US 451; People v Pagnotta, supra.) However, a court of original jurisdiction should not set aside a statute as unconstitutional unless that conclusion is inescapable. (Bohling v Corsi, 204 Misc 778, affd 306 NY 815; People v Elkin, 196 Misc 188, 193; McKinney’s Cons Laws of NY, Book 1, Statutes, § 150.) The tendency is to leave such questions to appellate tribúnals. (City of New Rochelle v Ecko Bay Waterfront Corp., 182 Misc 176, 177, affd 268 App Div 182, affd 294 NY 678.)
The court concludes that section 165.30 of the Penal Law is not vague and is a reasonable restriction upon a person’s activities in the interest of the public good. The motion to declare the statute unconstitutional is denied.
[Balance of opinion omitted.]