■ In the Matter of the REPORTS OF GRAND JURY No. 1 OF THE COUNTY OF MONROE Empaneled on January 30, 1978 for the February 1978 Term of the County Court.—Order unanimously affirmed. Memorandum: This is an appeal pursuant to CPL 190.90 from an order of the Monroe County Court, entered August 31, 1979, which accepted and sealed two reports of the February 1978 Monroe County Grand Jury. The February 1978 Monroe County Grand Jury investigated, *inter alia,* allegations concerning improprieties in the issuance of licenses to carry firearms as well as allegations of misconduct in the Monroe County Sheriff's Department. The Grand Jury heard testimony in the two matters, captioned "John Doe No. 3" and "John Doe No. 7" and after concluding its investigation issued two separate reports, pursuant to CPL 190.85 (subd 1, par [a]) in which it recommended that disciplinary action be taken against six named individuals. Pursuant to CPL 190.85 (subd 2, par [a]) the Monroe County Court examined the minutes of the Grand Jury and determined that both reports should remain sealed and not be published as a public record since the Grand Jury's findings of wrongdoing were not supported by a preponderance of the credible and legally admissible evidence. The record of the Grand Jury in "John Doe No. 7" discloses evidence of serious misconduct in the Monroe County Sheriff's Department. Nevertheless, the statute permits publication only of Grand Jury reports which recommend disciplinary action against public servants guilty of misconduct, nonfeasance or neglect in public office and which reports are supported by the preponderance of the "credible and legally admissible evidence." (CPL 190.85, subd 2, par [a]; *Matter of Talerico,* 34 AD2d 553.) Our review of the Grand Jury minutes concerning "John Doe No. 7" compels the conclusion that some of the abuses alleged relate to former public servants and some involve errors in judgment. Inasmuch as the charges either do not pertain to persons presently employed by the department or are not supported by the evidence required by statute, the report must be sealed. We are similarly convinced that the "John Doe No. 3" report must also remain sealed. First of all, the People concede that at least as to one individual, the Grand Jury erred in its statement of misconduct and that the report should be redacted concerning that individual. In addition, we note that another named official was cited for misconduct without any recommendation for disciplinary action. This alone would mandate that that portion of the report be sealed (CPL 190.85, subd 1, par [a]; *Matter of Talerico, supra; Matter of Report of 1966 October Monroe County Grand Jury,* 27 AD2d 980). As to two other named officials, although the report does recommend disciplinary action, it contains no finding that their conduct constitutes misconduct, nonfeasance or neglect in public office. Absent such a finding, a report naming specific individuals must be sealed as it does not comply with the statutory requirement (CPL 190.85, subd 1,

par [a]). In any event, our view of the evidence indicates that there was insufficient evidence that either official was guilty, by a preponderance of the evidence, of misconduct, nonfeasance or neglect in office. (Appeal from order of Monroe County Court—Grand Jury Reports.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.