58

In the Matter of the REPORT OF THE MARCH 1980 GRAND JURY OF THE SUPREME COURT OF ULSTER COUNTY. MICHAEL KAVANAGH, as District Attorney of Ulster County, Appellant.

Third Department, October 23, 1980

APPEARANCES OF COUNSEL

*Michael Kavanagh, District Attorney,* appellant *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

The April 11, 1980 Supreme Court Grand Jury of Ulster County conducted an investigation into the Sheriff's department of that county. This investigation resulted in an indictment against one police officer and also a report on the actions of other officers and the general administration of the Sheriff's department. A report was issued pursuant to CPL 190.85 on May 15, 1980 comprised of four basic sections. Part One contains legislative recommendations. Part Two suggests prohibition of fund raising drives by the Sheriff's department. Part Three recommends that a named person be disciplined and reprimanded for failing to report the criminal actions of the officer indicted by the Grand Jury. It also recommends that certain arrest procedures be amended. Part Four criticizes another named person and recommends that he be publicly reprimanded. Special Term sealed the report on the ground it erroneously combined recommendations for disciplinary actions against identified persons with recommendations for administrative or legislative actions. The District Attorney filed a petition which was granted by a Justice of this court sealing the order of Special Term until the appeal could be decided. On this appeal the District Attorney urges, *inter alia,* that the report be released to the public.

At the outset, we note that neither of the individuals criticized by the report objects to the report being released and in fact urged its acceptance and publication. The statute provides that a report must concern either misconduct, nonfeasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action, or proposed recommendations for legislative, executive or administrative action (CPL 190.85, subd 1, pars [a], [c]). The statute further provides, however, that the report must not combine in the same part of the report, legislative, executive, or administrative recommendations with criticism of identified persons (CPL 190.85, subd 2, par [b]). An examination of the instant report in light of the existing law demonstrates that at least some portions of it violate the statute (see *Matter of Report of October 1975 Grand Jury of Supreme Ct. of Ulster County,* 55 AD2d 707; *Matter of March 1975 Grand Jury of*

*Supreme Ct. of Ulster County,* 53 AD2d 724). While we have considered redacting the offending parts and directing publication of the remainder (see *Matter of March 1975 Grand Jury of Supreme Ct. of Ulster County, supra; Matter of First Report of October, 1972 Grand Jury of Supreme Ct., Albany County,* 44 AD2d 855, app dsmd 34 NY2d 915), we are of the view that there must be a reversal and the entire report made public. We arrive at this conclusion largely due to the unique and significant fact that both of the possibly aggrieved individuals urged publication. Since they are precisely the persons the law deems requiring and entitled to protection, in our opinion they may waive the protection afforded by the statute. Furthermore, to seal the entire report under these circumstances would unreasonably and needlessly frustrate the sincere efforts of a conscientious Grand Jury from completing a salutary and necessary service for the public.

■ We now pass to a more delicate and most disturbing element of this case which requires comment by us. We refer to the decision of the trial court to which, understandably, the District Attorney takes strong exception. The decision is highly critical of the District Attorney in his presentation of the matter to the Grand Jury. It borders on an accusation of misconduct and lack of integrity. While the District Attorney may have made some errors of judgment in presenting the matter to the Grand Jury, from our examination of the entire record we consider the over-all language of the court to have been injudicious and unwarranted. We would note, for example, that the charge by the court that the District Attorney seriously interfered with the deliberations of the Grand Jury is not supported by the record. A District Attorney has broad powers and duties including substantial control over the Grand Jury proceedings, requiring the exercise of completely impartial judgment and discretion *(People v Di Falco,* 44 NY2d 482). Considering the conduct of the District Attorney in light of his broad powers and discretion, we are of the view that there is no evidence of misconduct or lack of integrity on his part.

The order should be reversed, on the law and the facts, and the report of the Grand Jury released to the public.

Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.

Order reversed, on the law and the facts, and the report of the Grand Jury released to the public.