OPINION OF THE COURT
Nat H. Hentel, J.
Defendant is charged with a violation of section 200.00 of the Penal Law, bribery in the second degree, which provides: “A person is guilty of bribery in the second degree when he confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.” (Emphasis added.)
The “public servant” mentioned in the indictment is a United States customs inspector. The issue is whether a United States customs inspector is a “public servant” within the following definition of subdivision 15 of section 10.00 of the Penal Law: “/Public servant’ means (a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant.” (Emphasis added.)
*465 Defendant contends in his motion to dismiss the bribery count of the indictment that a United States customs inspector is not the “public servant” contemplated under New York law.
It is not to be supposed that the Legislature will deliberately place words in a statute which are intended to serve no purpose (People v Dethloff, 283 NY 309). It is, however, unclear what the Legislature intends by the specific inclusion of the words “of the state or of any political subdivision thereof or of any governmental instrumentality within the state.” It can be argued that the legislative intent is clearly to prohibit payments made to public servants defined as public officers or employees only of the State of New York. It is also possible that the statute encompasses United States customs officers as part of “any governmental instrumentality within the state.”
The Practice Commentaries amplify this definition by stating that the term “public servant” includes “every person specially retained to perform some government service” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, p 23).
While a United States customs inspector may certainly be considered a person who is specially retained to perform some government service, by its inclusion of the words “of the state” in its definition, the Penal Law may require a more specific relation to the sovereign powers of the State of New York.
The Suffolk County Supreme Court in Smith v Jansen (85 Misc 2d 81, 83) is helpful in its definition of the term “public office”: “A position is a public office when it is created by law with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public is concerned and which is continuing in its nature and not occasional or intermittent (47 NY Jur, Public Officer and Employees, § 12). The primary, necessary and fundamental test of a public office is that it should involve the exercise of some portion of the sovereign power of the State (People ex rel. Henry v Nostrand, 46 NY 375).”
*466 Article XIII of the New York Constitution likewise implies that the term “public officers” includes members of the State Legislature, elected officials, Sheriffs, county clerks, District Attorneys, and all other types of executive and judicial employees holding office under the laws of this State.
The crime of bribery at its earliest common-law beginnings was denoted as an offense involving an official who accepted privately an undue reward intended to influence conduct in office. “Although originally directed against the corruption of Judges and other officials involved in administering justice, its scope has been enlarged over the years so that today it encompasses all public servants.” (People v Herskowitz, 80 Misc 2d 693, 694-695.)
The touchstone of this decision involves an interpretation of the words “public servants”. The rule of strict construction applicable to penal statutes has been modified somewhat by the legislative declaration that the Penal Law provisions shall be “construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law, § 5.00.) It does not permit an essential part of a statute to be ignored in a particular case (People v Teal, 196 NY 372). It is concluded that while the definition of “public servant” may be narrowly viewed as applying only to New York State employees, it is more likely that the Legislature, by enacting the bribery statute, is also aiming at every person specially retained to perform some government service. “Public servant” is therefore interpreted to encompass a United States customs employee as a “governmental instrumentality within the state” under the tenor of section 200.00 of the Penal Law (see, also, § 10.00, subd 15).
Therefore, defendant’s motion to dismiss the second count (bribery) of the indictment is denied.