■ In the Matter of the REPORT OF THE APRIL 1979 GRAND JURY OF MONTGOMERY COUNTY. HOWARD M. AISON, as District Attorney of Montgomery County, Appellant; A PUBLIC OFFICIAL NAMED IN THE ABOVE-ENTITLED REPORT, Respondent. — Appeal from an order of the Supreme Court, entered May 27, 1980 in Montgomery County, which forever sealed a report of the April 1979 Grand Jury of Montgomery County unless all references to one of the three public servants named therein were deleted. The April 1979 Grand Jury of Montgomery County commenced an investigation into suspected illegal gambling activities allegedly taking place within the county. On December 7, 1979, it submitted to the Supreme Court of Montgomery County a report in which it recommended the removal of three public servants from office by reason of their misconduct, nonfeasance or neglect in public office. Prior to any determination by the court in accordance with CPL 190.85 (subd 2) and effective December 31, 1979, one of the aforementioned public servants resigned. Official notice of this occurrence was given to the Grand Jury on January 9, 1980 but it opted to make no deletions or changes of any kind in its report. Thereafter, upon the request of the court, the Grand Jury was reconvened on January 30, 1980 for the purpose of enabling the District Attorney to inform the Grand Jury that, pursuant to CPL 190.85, all references to the public servant who resigned should be deleted from its report. Despite this admonition, the Grand Jury declined to delete or redact the references to the official who resigned, choosing instead to seek a formal ruling from the court as to whether the deletions should be made. This it obtained when the court ruled that it would not accept the report unless all references to the public servant who

resigned were expunged and that, if this were not done, the report would be forever sealed. This appeal by the District Attorney on behalf of the Grand Jury followed. Even though it was made aware that one of those named in its report had resigned, the Grand Jury now contends that its report should be accepted and filed without change. We have recently had occasion to address this issue and held that where a public servant has voluntarily resigned "the report no longer contains a viable recommendation of either removal or disciplinary action and is * * * no longer acceptable under the terms of CPL 190.85" *(Matter of Reports of Saratoga County Grand Jury for March 1979 Term [Report R-A],* 77 AD2d ·399, 404; see, also, *Matter of Reports of Grand Jury No. 1 of County of Monroe,* 71 AD2d 1060). The Grand Jury's contention overlooks or disregards CPL 190.85 (subd 1, par [a]) which limits the Grand Jury to reporting facts concerning misconduct, nonfeasance or neglect in public office as a basis for a recommendation of removal or disciplinary action. "Inasmuch as the charges * * * do not pertain to persons presently employed by the department * * * the report must be sealed" *(Matter of Reports of Grand Jury No. 1 of County of Monroe, supra).* The Grand Jury further contends through the District Attorney that references to the public servant who resigned should not be deleted if there is proof that his possible removal from office after resignation might render him ineligible to hold another position in the public sector or might terminate previously earned benefits through public service for the reason that the latter consequences could satisfy the requirements of CPL 190.85 (subd 1, par [a]), and the District Attorney requests permission to submit further evidence on that issue. We choose not to join in such speculation. To begin with, no such evidence was adduced during the Grand Jury proceedings. Secondly, though all concerned were aware of the issue well in advance of the court's conditional sealing of the report, no affirmative action was forthcoming. Lastly, the court in the exercise of its discretion (CPL 190.85, subd 5) determined that there was sufficient testimony upon which it could decide the appropriate disposition of the report. Under the circumstances presented, no abuse of that discretion is demonstrated and the order should be affirmed. In conclusion we note with considerable surprise and even more alarm that the dissenters but a very few weeks ago joined in the unanimous statement of this court in *Matter of Reports of Saratoga County Grand Jury for March 1979 Term (Report R-A) (supra)* wherein, in Report B thereof, we dealt in part with the identical issue presented here. We note too, that the dissent conveniently excludes from its citation of the relevant parts of CPL 190.85 paragraph (a) of subdivision 1 thereof upon which the resolution of this issue must turn. Finally, our statements concerning paragraph (a) of subdivision 1 in *Matter of Reports of Saratoga County Grand Jury for March 1979 Term (Report R-A) (supra)* were clearly not dicta but rather were necessary to the resolution of the issue presented. Order affirmed. Sweeney, Main and Casey, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). We are of the opinion that the trial court lacked statutory authority to impose a limitation on the acceptance of a Grand Jury report. CPL 190.85 provides, in relevant part, as follows: "2. The court to which such report is submitted * * * *shall* make an order accepting and filing such report * * * only if the court is satisfied that * * *: (a) The report * * * is supported by the preponderance of the credible and legally admissible evidence; and (b) * * * each person named therein was afforded an opportunity to testify before the grand jury prior to the filing of such report" (emphasis added). Both requirements were satis-

fied in this case. Indeed, in its order entered May 29, 1980, the court specifically found that the report in question was supported by the preponderance of the credible and legally admissible evidence. Its further direction redacting therefrom the name of a public servant who resigned after the filing of the report as a precondition for acceptace represents, in our view, an effort to graft additional provisions upon an act of the Legislature by judicial fiat. The majority rests its affirmance upon language contained in our opinion in *Matter of Reports of Saratoga County Grand Jury for March 1979 Term (Report R-A)* (77 AD2d 399). However, the comments in reference to a resigned public servant were mere dicta, totally unnecessary to the ultimate decision and not relevant to the question presented. Upon reflection, we do not believe they should have been included in our decision. In any event, now that the issue is squarely before us, we conclude that the plain wording of the statute mandates a reversal and an acceptance of the report in question.