In the Matter of ONONDAGA COUNTY DISTRICT ATTORNEY'S
OFFICE.

Fourth Department, February 28, 1983

**APPEARANCES OF COUNSEL**

*Richard A. Hennessy, Jr., District Attorney* (*John Cirando* of counsel), for appellant.

*James E. Sparkes* for respondent.

**OPINION OF THE COURT**

CALLAHAN, J.

The October, November, December, 1980 Supplemental Grand Jury of Onondaga County conducted an investigation into allegations of improper and abusive practices in connection with the computer processing of 731 City of Syracuse traffic tickets over a five-year period. On December 15, 1981, the Grand Jury submitted a report to the Onondaga County Court recommending that disciplinary action be taken against respondent, a public servant, who was then employed by the City of Syracuse. The court examined the Grand Jury minutes and found that the report was supported by a preponderance of the credible and legally admissible evidence, whereupon it issued an

order pursuant to CPL 190.85 (subd 2, par [a]) accepting the report for filing as a public record. In accepting the report, the court, in accordance with CPL 190.85 (subd 3), ordered it sealed and not filed as a public record until at least 31 days after a copy of the order and report had been served upon the public servant named therein. On January 6, 1982, respondent filed an answer to the Grand Jury report refuting the conclusions drawn by the Grand Jury. However, on January 14, 1982, prior to the expiration of the 31-day period, respondent resigned his position with the City of Syracuse effective January 15, 1982. Since respondent voluntarily terminated his employment, the court found that, "the report of the Grand Jury no longer maintains legal force or effect" and ordered that the report, together with the answer submitted by the respondent, "be and the same hereby is sealed and shall not be filed as a public record or be subject to subpoena or otherwise made public from this day forward."

Less than one month later, on February 8, 1982, respondent and the City of Syracuse entered into a written contract wherein it was agreed that respondent would provide enumerated services as a consultant, payable monthly at an hourly rate of $30 per hour "until the maximum authorization [$30,000] has been paid". It further provided that "for the purpose of this contract, the consultant shall be considered an independent contractor". The agreement acknowledged that "the services hereunder have already commenced" and the respondent has submitted vouchers for payment of services rendered.

On August 20, 1982 the District Attorney of Onondaga County brought on a motion seeking an order mandating the filing of the previously sealed Grand Jury report as a public record, on the basis that respondent had been in effect rehired by the city to perform his former duties. The District Attorney contended that the fact that respondent was being held out to be an "independent contractor" did not preclude him from falling within the definition of "public servant" contained in subdivision 15 of section 10.00 of the Penal Law and that rehiring respondent as a "consultant" was only an attempt to circumvent the disciplinary sanctions recommended by the Grand Jury. Re-

spondent submitted three affidavits in opposition including one from the Budget Director for the City of Syracuse, all claiming that the services respondent was rendering as a consultant were not the same as the duties he performed as a public servant prior to his resignation. Further, respondent asserted that he was an "independent contractor" and not a "public servant" within the meaning of the Penal Law and that, accordingly, the Grand Jury report should remain sealed.

In reaffirming its prior decision ("by virtue of the resignation of the public servant from his public office, the report of the Grand Jury no longer maintains legal force or effect"), the court concluded that it was without authority to review a sealing order inasmuch as the statute vests the Appellate Division as the sole court having jurisdiction to review (see CPL 190.90, subd 5). The People appeal.

When a court makes an order sealing a report of a Grand Jury pursuant to CPL 190.85 (subd 5), the District Attorney may, within 10 days after service of a copy of the order and report upon each public servant named in the report, appeal the order to the Appellate Division (CPL 190.90, subd 2). Since the People did not file an appeal, County Court felt that it was without authority to review its prior order sealing the Grand Jury report. Actually there was no reason for the People to appeal. When a public servant has voluntarily resigned, a Grand Jury report no longer contains a viable recommendation of either removal or disciplinary action and is, therefore, no longer acceptable under the terms of CPL 190.85 (*Matter of Report of April 1979 Grand Jury of Montgomery County*, 80 AD2d 654, 655; *Matter of Reports of Saratoga County Grand Jury for March, 1979 Term*, 77 AD2d 399, 404; see, also, *Matter of Reports of Grand Jury No. 1 of County of Monroe*, 71 AD2d 1060). It was not until the People's time to appeal had expired that respondent entered into the retainer agreement as a consultant. Thus, the People's appeal rights were rendered futile. The court was not without a remedy, however.

County Court had the inherent power to review its own order when presented with new facts. CPLR 2221 permits a motion to renew based on new or additional proof (see

Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:9, p 160; see, also, Siegel, New York Practice, § 254, pp 313-314). Although the People's motion was not denominated a motion to renew, this is in essence what it was and the court could have so treated it (see *Jones v State of New York,* 62 AD2d 44, 48-49; *Soffair v Koffler,* 29 AD2d 659, app dsmd 23 NY2d 897). In our view, County Court's consideration of a motion to renew would not have been in contravention of the exclusive review proviso accorded the Appellate Division pursuant to CPL 190.90 (subd 5). Furthermore, a court has authority to reconsider its decision to accept a Grand Jury report for filing based upon new information (*Matter of Second Report of Nov., 1968 Grand Jury of County of Erie,* 26 NY2d 200, 205, n 2). We can find no authority which restricts the court from exercising its inherent power to review its own order under the circumstances of this case.

Although the court resolved the People's motion on procedural grounds, it went on to state that: "Moreover even if the court had the power to review such order, it does not believe that the factual allegations contained in these motion papers would warrant the relief sought." We disagree.

Subdivision 15 of section 10.00 of the Penal Law defines "public servant" to mean, "(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee. The term public servant includes a person who has been elected or designated to become a public servant." What is the "fair import" of this definition? That is what we perceive the critical issue in this case to be, viz., whether respondent, under these circumstances, comes within the parameters of the statutory definition. If respondent is to be considered a "public servant", it would be because he ostensibly performs the functions of "any such public officer or employee." The common-law policy that a penal provision should be strictly construed has been expressly abolished by the Legislature; instead penal statutes are to be construed "according to the fair import of their terms to promote justice and effect the objects of the

law" (Penal Law, § 5.00; *People v Teicher,* 52 NY2d 638, 647; *People v Kruger,* 87 AD2d 473, 476; *People v Knowles,* 79 AD2d 116, 117-118). It does not permit an essential part of the statute to be ignored in a particular case (*People v Teal,* 196 NY 372). The definition of "public servant" should not be narrowly viewed as applying only to New York State employees, but is also aimed at every person specially retained to perform some government service (*People v Ebuzome,* 107 Misc 2d 464, 466). Our view should not be blind to the reality of a device molded to circumvent disclosure of the report. Therefore, we find respondent, in his consultant role, to be functioning as a "public servant" within the ambit of subdivision 15 of section 10.00 of the Penal Law (see *People v Kruger, supra;* see, also, *People v Ebuzome, supra*).

Courts, ever vigilant of public policy considerations, are empowered to act in the interest of justice to protect public as well as individual rights. Respondent maintains that the People seek expansion of the statutory provisions permitting filing of a Grand Jury report as a public record and contends any "such expansion of the limited purpose of the Grand Jury function should not be permitted absent a Legislative mandate." Perhaps remedial action to eliminate this type of subterfuge is best left to the Legislature for resolution. Indeed, the statutory scheme presently is not designed to address this issue. We do not intend to accomplish by judicial fiat what the Legislature has not specifically addressed. However, this court is unwilling to give its judicial imprimatur to the use of a consultant agreement as an obvious means of circumventing the statutory scheme. Such a holding would establish a dangerous precedent and would clearly be contrary to public policy. While the Grand Jury report is not contained in the record, we can presume from the finding of the court, that it concerns either misconduct, nonfeasance or neglect in public office by a public servant as the basis for a recommendation for removal or disciplinary action, or proposed recommendations for legislative, executive or administrative action (CPL 190.85, subd 1, pars [a], [c]). To seal the Grand Jury report under the circumstances of this case would unreasonably and needlessly frustrate the sincere efforts of

a conscientious Grand Jury from completing a salutary and necessary service for the public (see *Matter of Report of March 1980 Grand Jury of Supreme Ct. of Ulster County,* 77 AD2d 58, 60).

Accordingly, the motion should be granted and the report and respondent's answer should be filed as a public record 10 days after service of the order upon respondent, if respondent at that time continues to function as a "public servant" within the intent of the statute.

DILLON, P. J., DENMAN, BOOMER and SCHNEPP, JJ., concur.

Order unanimously reversed, without costs, and motion granted, in accordance with opinion by CALLAHAN, J.