◼ In the Matter of the REPORT OF THE MAY, 1982 GRAND JURY OF COLUMBIA COUNTY. CHARLES E. INMAN, on Behalf of the COLUMBIA COUNTY GRAND JURY, Respondent; ONE PUBLIC SERVANT NAMED IN ABOVE-ENTITLED REPORT, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Klein, J.), entered June 23, 1982 in Columbia County, which provisionally accepted the Grand Jury report in the above matter, subject to appellant's right to submit an answer; and (2) from an order of said court, entered August 27, 1982 in Columbia County, which finally accepted said report. At about 2:30 A.M. on April 30, 1982, two City of Hudson police officers on patrol came upon the scene of a one-car accident and identified a person, presumably a passenger, who appeared to be both intoxicated and injured. He was arrested for disorderly conduct and obstruction of governmental administration. Although obviously in need of medical attention (he was bleeding from the head), the officers delayed transporting him to the hospital for some 15 minutes while they sought to find the operator of the car in one or two nearby bars. In the emergency room, he continued to be abusive and boisterous and used vile profanity. Appellant, one of the arresting officers, is alleged to have grabbed and held his head to subdue him. The incident was investigated by a Columbia County Grand Jury, which, after hearing witnesses, issued a report recommending that a departmental hearing be conducted to ascertain if appellant violated rules of the Hudson Police Department. These appeals are from two orders of Special Term which first received the report and granted 30 days in which to serve an answer, and thereafter accepted the report. We hold that Special Term erred in issuing both orders. Initially, we find that the District Attorney failed to instruct or read rule 8(2) of the Rules and Regulations for Government of the Department of Police of the City of Hudson, New York, to the Grand Jury. This rule makes the senior officer present "responsible for the official action of those present", in this instance the sergeant who accompanied appellant on patrol. Paragraph 6 of the report states "the officers erred in failing to transport [the person arrested] to the hospital before investigating the accident and searching for the driver." Paragraph 6 of the report should be redacted since the responsibility for delay, if any, was clearly that of the superior officer against whom no recommendations were made. The failure to instruct the Grand Jury as to an appropriate rule or regulation tainted and nullified any finding with respect to the alleged delay in transporting the person arrested for medical attention. A Grand Jury report may not be made public unless the court is satisfied that it is "supported by the *preponderance* of credible and legally admissible evidence" (CPL 190.85, subd 2, par [a]; emphasis added). There is a duty upon the court to which a Grand Jury report is presented to make a thorough examination of the record to determine if the

record complies with the statutory requirements before accepting the report for filing (*Matter of Talerico,* 34 AD2d 553). The record does not contain a preponderance of credible and legally admissible evidence to demonstrate that the subject officer was guilty of "a lack of discretion and collective thought during the arrest and processing" of the person arrested "as well as an unreasonable lack of concern for [his] well-being" as charged in paragraphs 9, 10 and 12 of the report. The orders accepting the report should be reversed and the report sealed. Orders reversed, on the law and the facts, without costs, and the May 14, 1982 report of the Columbia County Grand Jury is ordered to be sealed. Sweeney, Kane and Weiss, JJ., concur.

Mahoney, P. J., and Casey, J., concur in part and dissent in part in the following memorandum by Mahoney, P. J. Mahoney, P. J. (concurring in part and dissenting in part). Although we agree with that portion of the majority's statement redacting paragraph 6 of the Grand Jury's report, the remainder of the report was, in our view, properly accepted by the trial court. All of the evidence presented was consistent with the finding by the Grand Jury that the subject officer grabbed the injured party and held his head at a time when the extent of his injuries had not yet been determined. Since the ultimate recommendation by the Grand Jury was that an administrative hearing by the City of Hudson Police Department should be conducted to ascertain whether the subject officer's conduct constituted a violation of certain departmental rules and regulations the remainder of the report was supported by a preponderance of credible and legally admissible evidence and should be accepted and made public.