OPINION OF THE COURT
Irving Lang, J.
Defendant’s two-pronged attack on the information charging him with “fraudulent accosting” focuses on the words “trick” and “swindle,” which are operative elements of the statute but are not defined in section 165.30 of the Penal Law or interpreted by any cases.
THE FACTS
The defendant is charged with fraudulent accosting (Penal Law, § 165.30) in that with intent to defraud, by means of trick or swindle, he offered to sell to passersby “14 karat” gold chains, when in fact, the chains were not 14 karat gold.
THE CONTENTIONS
The defendant’s first claim is that the conduct alleged, offering to sell 1.4 karat gold chains which are not in fact gold, does not fall within the ambit of prohibitive conduct under New York’s fraudulent accosting statute. The defendant asserts that the statute is solely directed at confidence games and that the conduct alleged does not constitute a confidence game.
*465 In addition, the defendant maintains that the statute is void for vagueness in that the terms “trick” and “swindle” are so vague and indefinite that the statute is constitutionally defective.
The District Attorney, on the other hand, supports the constitutionality of the statute. In addition, he asserts that the law is not solely aimed at confidence games, but that in any event, the defendant’s actions constitute a confidence game within the meaning of the legislation.
In order to examine these conflicting views it is necessary to analyze the statute and its history.
The current statute provides as follows:
“[Penal Law] § 165.30 Fraudulent accosting
“1. A person is guilty of fraudulent accosting when he accosts a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game.
“2. A person who, either at the time he accosts another in a public place or at some subsequent time or at some other place, makes statements to him or engages in conduct with respect to him of a kind commonly made or performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property.
“Fraudulent accosting is a class A misdemeanor.”
The current law was passed in 1971 after the predecessor statute was declared unconstitutional by the Appellate Term in People v Harris (64 Misc 2d 510). The previous statute provided: “§ 165.30 Fraudulent Accosting. A person is guilty of fraudulent accosting when he accosts a person in a public place and, either at that time and place or. subsequently in any place, he makes statements to such person of a sort commonly made or used in the perpetration of a known type of confidence game.”
As is apparent, the 1971 amendment changed the law in three significant respects. First, the new law added an “intent to defraud” element to the statute. Second a presumption was substituted for absolute liability relating to statements commonly made in the perpetration of a known type of confidence game. These two changes were clearly *466 made to overcome the court’s decision in Harris (supra). Third, the statute added “trick” and “swindle” to its prohibitions.
The defendant contends that section 165.30 was “aimed at confidence men operating in public places”. (Citing Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 165.30.) The insertion of the words “trick” and “swindle” into the statute, according to the defendant’s brief, “was added to clarify and explain the sometimes elusive ‘confidence game.’ ” To support that contention defendant cites a number of cases which refer to a confidence game as a swindle or trick. (People v Reid, 95 Misc 2d 822; People v Brown, 81 Misc 2d 149; People v Williams, 93 Misc 2d 726; see, also, 2 NY Criminal Jury Instructions, p 968.) A confidence game is defined as the “obtaining of money or property by means of some trick, device or swindling operation in which advantage is taken of the confidence which the victim reposes in the swindler” (citing this court’s opinion in People v Williams, supra, p 732, and Black’s Law Dictionary [3d ed]). Since his actions and declarations do not constitute a known confidence game within the meaning of the statute, the defendant asserts that the complaint should be dismissed.
The District Attorney counters by claiming that the terms trick and swindle are discrete and do not define confidence game. In any event, the People claim that the defendant’s actions constitute a confidence game within the meaning of the statute. He points out that the elements of a confidence game are (1) an intentional false representation to the victim as to some present fact, (2) knowing it to be false, (3) with intent that the victim rely on the representation, (4) the representation being made to obtain the victim’s confidence and thereafter his money and property, (5) which confidence is then abused by the defendant. (United States v Brown, 309 A2d 256, 257 [DC App]; People v Williams, supra.) The District Attorney maintains that the defendant’s false representation that the jewelry was gold was made to obtain the victim’s confidence and thereafter his money, and therefore was a confidence game within the prohibition of the statute.
*467 The District Attorney’s reasoning is erroneous, constituting what in logic is called a conversion (i.e., all whales are mammals, therefore all mammals are whales).
“While every confidence game necessarily involves false pretenses or ruses, not every false pretense constitutes a confidence game (Clark v State, 53 Ariz 416). The gist of the crime is the obtaining of the confidence of the victim by some false representation or device (People v Friedlander, 328 111 35; People v Epstein, 338 111 631).” (People v Williams, supra, at p 732.)
In the instant case, the mere representation by the defendant that the chains were gold does not make the scheme a confidence game. In order to have made the scheme a confidence game, the defendant, for example, might have engaged in a ruse to convince a victim that he was an employee of Cartier or Tiffany thereby engendering confidence in the victim with respect to access to and genuineness of the chains.
I hold therefore that the defendant’s actions do not constitute a confidence game.
The District Attorney is on firmer ground when he argues that the words “trick” and “swindle” are separate from the term “confidence game.”
Here the defendant is also guilty of a logical conversion. While every confidence game can be denominated a swindle, not every swindle or trick is a confidence game. (Interestingly, in England “confidence game” is called “confidence trick”.) Thus a person who palms the court card in three card monte, or who substitutes loaded dice for real dice is guilty of a trick or swindle but clearly is not guilty of a confidence game, since no confidence is reposed in him by the victim.
Section 165.30 is derived from subdivision 6 of section 722 of the old Penal Law (see Hechtman, Practice Commentaries, op. cit.). That section provided, inter alla, that a person is guilty of disorderly conduct when he “accosts any person for the purpose of obtaining money or other property by any trick, artifice, swindle, confidence game, or in any other illegal manner” (L 1952, ch 640; emphasis supplied).
*468 When the revised Penal Law took effect the Legislature only referred to confidence games. But the 1971 amendment restored the words trick and swindle to the statute.
The plain language of the statute specifically prohibits people from accosting others in public places with intent to defraud by trick, swindle or confidence game. It is obvious that in using the word “or” the Legislature was spelling out different means of violating the statute rather than defining the words “confidence game”. First, these words add nothing to the definition of confidence games, being broader rather than limiting in scope. Second, section 5.00 of the Penal Law, which governs construction of criminal statutes, “does not permit an essential part of a statute to be ignored in a particular case” (People v Ebuzome, 107 Misc 2d 464, 466). To read section 165.30 in a manner which excludes “tricks” and “swindles” would be to ignore an essential part of the statute. Those words were not in the previous section 165.30. “It is not to be supposed that the Legislature will deliberately place words in a statute which are intended to serve no purpose”. (People v Ebuzome, supra, at p 465.)
I hold therefore that while the defendant’s actions do not constitute a confidence game within the meaning of the law, they could fall within the purview of the phrase “trick or swindle,” provided that those words are not so vague and indefinite as to violate constitutional standards.
Defendant attacks the constitutionality of the statute on the grounds that the words “trick” and “swindle” fail to satisfy the notice requirements of the State and Federal Constitutions and it is thus unconstitutionally vague. The Penal Law does not define these terms. There is no legislative history addressing their meaning. Nor has any court in this State construed these terms.
Due process requires that a statute be definite. This requirement “is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.” (United States v Harriss, 347 US 612, 617; see, also, Smith v Goguen, 415 US *469 566; Papachristou v City of Jacksonville, 405 US 156; Lanzetta v New Jersey, 306 US 451; Connally v General Constr. Co., 269 US 385.)
Adequate notice is also a requirement of the New York State Constitution. The test is whether a reasonable person subject to the statute is informed of the nature of the offense prohibited and what is required of him. (Matter of Pomeroy v Whalen, 44 NY2d 992; State of New York v Rutkowski, 44 NY2d 989.) A statute must be “informative on its face.” (People v Firth, 3 NY2d 472, 474.) This not only gives appropriate notice to ordinary people so as to enable them to conform to the law, but also serves as a standard for those who administer the law to do so fairly and not in an indiscriminate or arbitrary fashion. (People v Illardo, 48 NY2d 408.)
The words “trick” and “swindle” are so vague, says the defendant, that no reasonable person could be expected to understand them within the context of the statute. At surface glance it would seem that the defendant’s argument has validity.
The Random House Dictionary of the English Language has 16 definitions for the word trick. They include: an adroit technique, a prank, an illusion, the knack of doing something skillfully, a tour of duty, a point or scoring unit in cards, a prostitute’s customer, a habit or mannerism and a dextrous feat. But while the above definitions also constitute “tricks”, the primary definition is a “crafty or underhanded device, stratagem or the like, intended to deceive or cheat, artifice, ruse, wile.”
It is clear that this is the definition which was intended by the drafter of the statute.
Words which are susceptible of various meanings must be interpreted within the context of the statute within which they appear. The Penal Law is not “to be strictly construed * * * but the provisions * * * must be constructed according to the fair import of their terms to promote justice and effect the objects of the law.”.(Penal Law, § 5.00; emphasis added.)
Within this framework the word “trick” must be interpreted in tandem with the rest of the fraudulent accosting *470 statute which requires that the defendant accost a person in a public place, with intent to defraud him of money or property by means of a trick. In this context the meaning is clear and the defendant is on notice as to the prohibited conduct.
Similarly the word swindle is not vague. Simply stated, to swindle someone is to obtain money or property from him by fraud or deceit. (Webster’s New International Dictionary [3d ed].)
While neither the New York statutes nor cases defines a swindle, a rather broad term, which has both civil and criminal connotations (cf. Chase v Whitlock, 3 Hill 139), the word has received statutory and judicial interpretation in other jurisdictions in its criminal context.
In Minnesota, section 609.52 (subd 2, par [4]) of the Minnesota Statutes Annotated provides: “Whoever does any of the following commits theft * * * (4) By swindling, whether by artifice, trick, device, or any other means, obtains property or services from another person”. This statute replaced section 614.11 of the Minnesota Statutes of 1961, which defined the crime of swindling “as the obtaining from another person any property or other property by ‘sleight of hand * * * trick or device’.’.’
As the court pointed out in State v Hanson (285 NW2d 483,486 [Minn]): “ ‘The essence of a swindle is the cheating and defrauding of another person by deliberate artifice or scheme. The term “swindle” refers to any fraudulent scheme, trick or device whereby one person deprives another person of money or property by deceit or betrayal of confidence. It is not necessary, however, that the person named in the complaint have reposed special confidence in the defendant. A swindle can be accomplished by false representation as to both past and future facts. A swindle may include a trick or scheme consisting of mere words and actions, and it does not require the use of some mechanical device or something like that.’ ”
Our fraudulent accosting statute, like the Minnesota statute, reflects a modern legislative trend to deal in general terms with criminal conduct rather than the technique of the past, which attempted to delineate every conceivable form of swindle, only to have perpetrators *471 create new swindling schemes “ ‘as various as the mind of man is suggestive’”. (State v Ruffin, 280 Minn 126, 130; People v Gipson, 29 Ill 2d 336; People v Jackson, 4 Ill 2d 296.) Thus the new breed of statute “punishes any fraudulent scheme, trick, or device whereby the wrongdoer deprives the victim of his money or property by deceit or betrayal of confidence.” (State v Ruffin, supra, p 130; see, also, United States v Benson, 548 F2d 42.)
In essence the words trick and swindle of the fraudulent accosting statute are a legislative prohibition to protect the public, including the naive, greedy and gullible, from those who would attempt to steal, whether by common-law larceny, trick and device, or by false representation. (See People v Dimitrovich, 194 Cal App 2d 710.)
It is perfectly clear that if the defendant in the instant case had obtained money by falsely representing chains as gold when they were not gold, he would be guilty of larceny. There is nothing vague about that.
While the words trick and swindle have broad meanings, they are sufficiently definite and give fair notice of what is prohibited. A statute will not be struck down as vague when the language has a generally understood meaning, though marginal cases might create doubts. (See, e.g., Matter of Patricia A., 31 NY2d 83 [habitual truant, incorrigible, ungovernable]; People v Cruz, 48 NY2d 419 [impaired, intoxicated]; People v Haff, 53 NY2d 997 [political contribution]; People v Bakolas, 59 NY2d 51 [unreasonable noise]; Matter of Montgomery Ward & Co. v New York State Dept. of Motor Vehicles, 90 AD2d 643 [quality repairs].)
Accordingly, I find that the words trick and swindle are words that an ordinary person can understand within the context of the statute and that the defendant’s alleged conduct violates the statute.
The motion to dismiss on constitutional and statutory grounds is denied.