In the Matter of the SPECIAL RENSSELAER COUNTY GRAND JURY REPORTS FOR 1983 TERM I. SPECIAL DISTRICT ATTORNEY OF RENSSELAER COUNTY, Appellant; PUBLIC SERVANT NAMED IN FIRST REPORT, DESIGNATED "A", Respondent. — Appeal from an order of the County Court of Rensselaer County (Dwyer, Jr., J.), entered June 3, 1983, which sealed a report of the Special Rensselaer County Grand Jury, dated May 26, 1983. A Special Rensselaer County Grand Jury empaneled to inquire into the disclosure of a prior Grand Jury sealed report filed a report, pursuant to CPL 190.85 (subd 1, par [a]), recommending removal from office of, or disciplinary action be taken against, a public servant for misconduct, nonfeasance or neglect in public office. On this appeal, the Special District Attorney appointed to act as District Attorney for all purposes in this matter seeks to have the report accepted and filed as a public record. We agree with County Court that the report must remain forever sealed. Elaborating on the alleged acts of misconduct, nonfeasance or neglect described in the report would simply render the act of sealing a futility. Suffice it to say that the report criticizes a public servant for errors in judgment respecting the transmittal of documents (see *Matter of Reports of Grand Jury No. 1 of County of Monroe,* 71 AD2d 1060; *Matter of South Mall Financing,* 69 Misc 2d 460, 463), and with regard to the events of February 25, 1983, also holds the public official to a standard of conduct not established by statute or precedent (see *Matter of Report of Special Grand Jury of County of Monroe Empanelled February 14, 1978,* 77 AD2d 199, 204). As a consequence, though the report accurately details the conduct of the public servant, the conduct does not constitute misconduct, nonfeasance or neglect and, hence, the recommendation reached is an insupportable one. Furthermore, even viewing the actions described as misconduct, nonfeasance or neglect, such findings are not borne out by a preponderance of credible and legally admissible evidence. This concept presupposes an objective and fair presentation to the Grand Jury (*Matter of Nassau County Grand Jury April 1975 Term,* 87 Misc 2d 453, 464). Speculative testimony from witnesses regarding their opinion as to who leaked the prior sealed Grand Jury report, a matter that was the ultimate question of fact for resolution by the Grand Jury and the sole purpose for empaneling it, is impermissible. So also are a prosecutor's opinions, however, well intentioned, of the evidence submitted and the credibility of the witnesses. Additionally, we note that the Special District Attorney incorrectly presented the option of a report pursuant to CPL 190.85 as an inferior alternative to a criminal

indictment, referring to it as a "middle course" between voting an indictment and a "no bill" (see *Matter of Special Grand Jury Investigation in Alleged Wire Tapping Activities in Chautauqua County,* 79 AD2d 847). The possibility that prejudice to the public servant could have resulted from any of these transgressions makes sealing the report a necessity (cf. *People v Di Falco,* 44 NY2d 482, 488). Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.