■ In the Matter of the REPORT OF THE 1985-1986 SPECIAL GRAND JURY, NASSAU COUNTY, NEW YORK, TERM IX. MASSAPEQUA FIRE DISTRICT, Appellant.—Appeal from an order of the County Court, Nassau County (Boklan, J.), entered May 13, 1987, which, *inter alia*, granted an application to accept and file a Grand Jury report as a public record.

Ordered that the order is modified by adding a provision striking from the Grand Jury report and answer (a) the name of a public servant, and the name and position of a fire district employee, both of whom resigned after the report was prepared, (b) the names of fire department officials against whom no disciplinary action was recommended, and (c) the finding that a fire district employee had commingled district and personal funds; as so modified, the order is affirmed, without costs or disbursements.

The Grand Jury issued a report pursuant to CPL 190.85 (1) (a) which recommended the removal from office or other disciplinary action against certain commissioners of the Massapequa fire district and a district employee in connection with the use of public funds to finance a convention trip. In order to accept the Grand Jury's report for filing as a public record, there must be a judicial determination that the factual findings in the report are supported by a preponderance of credible and legally admissible evidence (see, *Matter of Report of Aug.-Sept., 1983 Grand Jury*, 103 AD2d 176; *Matter of June 1982 Grand Jury*, 98 AD2d 284).

The finding in the report that a district employee "violated his fiduciary duty by commingling public funds in a private account from which he paid personal and Fire District expenses" does not meet this test and should be stricken from the report. The District Attorney, in his brief, conceded that the fire commissioners' decision to accumulate funds advanced to them for the convention trip into a private account to be dispensed by the designated district employee was not inherently improper. The remainder of the factual findings in the report are supported by a preponderance of the evidence, and the District Attorney's application to file the report as a public record was properly granted.

The contention of the appellant fire district that the report should be sealed due to deficiencies in the charge to the Grand Jury is without merit. The Grand Jury was properly instructed on the applicable law governing the use of public funds by fire district officials for convention expenses (see, Town Law § 178-c; General Municipal Law § 77-b).

In a separate order entered May 13, 1987, the court ordered the redaction of any reference in the Grand Jury report to two public servants who had resigned prior to preparation of the report. According to the appellant, a third public servant and the named district employee also resigned. Since the report no longer contains a viable recommendation of either removal or disciplinary action as to these individuals, their names and any reference to their former position should be stricken from the report and answer (see, Matter of Onondaga County Dist. Attorney's Off., 92 AD2d 32; Matter of Report of Apr. 1979 Grand Jury, 80 AD2d 654).

Finally, the report refers to the activities of certain Massapequa fire department officials in a manner which suggests that they acted improperly although there is no specific finding of misconduct. Since no disciplinary action was recommended against these individuals, their names should also be stricken from the report and answer (cf., Matter of Reports of Grand Jury No. 1, 71 AD2d 1060). Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.