◼ In the Matter of OCTOBER 1989 GRAND JURY OF THE SUPREME COURT OF ULSTER COUNTY. DISTRICT ATTORNEY OF ULSTER COUNTY, Respondent; PUBLIC OFFICIAL NAMED IN ABOVE-ENTITLED REPORTS, Appellant.—Kane, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered January 18, 1990 in Ulster County, which, *inter alia,* accepted a report of the October 1989 Ulster County Grand Jury

pursuant to CPL 190.85 and filed said report as a public record, and (2) from an order of said court, entered February 15, 1990 in Ulster County, which, upon reconsideration, adhered to its original decision.

On this appeal, respondent seeks an order permanently sealing the report because (1) petitioner failed to properly instruct the Grand Jury, (2) the report was not supported by a preponderance of credible and legally admissible evidence, and (3) Supreme Court erred in amending the specific disciplinary recommendation contained in the report of the Grand Jury.

In our view, there is merit to the argument that petitioner failed to properly instruct the Grand Jury. Although the record demonstrates that petitioner "instructed" the Grand Jury with expert testimony, such a procedure is impermissible. CPL 190.25 (6) provides that: "The legal advisors of the grand jury are the court and the district attorney, and the grand jury may not seek or receive legal advice from any other source. Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes." The language of the statute is clear and unambiguous, and, as in the case of other statutes dealing with the Grand Jury process, it must be strictly construed *(Matter of Reports of Grand Jury of County of Montgomery, 108 AD2d 482, 484)*.

Here, the instructions as to the legal duty and responsibilities of respondent were provided by one other than Supreme Court or petitioner, and although respondent's testimony by itself may have provided the requisite preponderance of evidence to support the findings of fact and conclusions contained in the report of the Grand Jury, that body must be instructed on its duties in accordance with the provisions of the statute *(see, Matter of Report of Special Grand Jury of County of Monroe, 77 AD2d 199, 202; see also, People v Di Falco, 44 NY2d 482, 486-487; Matter of Hynes v Moskowitz, 44 NY2d 383, 396, appeal dismissed sub nom. Lerner v Hynes, 439 US 888, 921)*. We recognize that the instructions to a Grand Jury need not be as comprehensive or specific as those directed to a petit jury *(People v Calbud, Inc., 49 NY2d 389, 394-395)*; however, this court has been strict in the requirement that a District Attorney properly advise a Grand Jury on the duties and responsibilities of the public servant, for fear that otherwise the Grand Jury is likely to substitute its judgment for that of the public servant *(see, Matter of Reports of Grand Jury of County of Montgomery [Aison], 100 AD2d 692; Matter*

*of Grand Jury of Supreme Ct. of Rensselaer County,* 98 AD2d 284; *Matter of Report of Grand Jury of Columbia County,* 94 AD2d 871). Accordingly, for the reasons stated, that portion of the first order directing that the report be filed as a public record must be reversed and an order entered directing that it be sealed. In light of the foregoing, we need not reach the other issues raised on this appeal.

Order entered January 18, 1990 modified, on the law, without costs, by directing that the report of the October 9, 1989 Ulster County Grand Jury be forever sealed and not filed as a public record, and, as so modified, affirmed.

Order entered February 15, 1990 dismissed, as academic, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.