■ In the Matter of the SEVENTH REPORT OF THE SENECA COUNTY SPECIAL GRAND JURY OF JANUARY 2007. R. MICHAEL TANTILLO, Special District Attorney of Seneca County, Appellant; SECOND NAMED PUBLIC SERVANT, Respondent. [875 NYS2d 738]—

Appeal from an order of the Seneca County Court (Dennis F. Bender, J.), dated January 28, 2008. The order accepted Report Number 7 of the January 2007 Seneca County Special Grand Jury and directed that the report be sealed and that all references to respondent be redacted.

It is hereby ordered that the order so appealed from is affirmed.

Memorandum: R. Michael Tantillo, as the special prosecutor, appeals from an order of County Court directing that a grand jury report be sealed and that all references to respondent be redacted because respondent, who was a target of the investigation in question, resigned from the public office in which he had been employed. We affirm. Pursuant to CPL 190.85 (1) (a), a grand jury may submit a report "[c]oncerning misconduct, nonfeasance or neglect in public office by a public servant[, as defined by Penal Law § 10.00 (15),] as the basis for a recommendation of removal or disciplinary action." Where, as here, "a public servant has voluntarily resigned from public office, a Grand Jury report no longer contains a viable recommendation of either removal or disciplinary action and is, therefore, no longer acceptable under the terms of CPL 190.85" (*Matter of Onondaga County District Attorney's Off.*, 92 AD2d 32, 34 [1983]). The grand jury report thus should be sealed with respect to that public servant (*see Morgenthau v Cuttita*, 233 AD2d 111, 115 [1996], *lv denied* 89 NY2d 1042 [1997]). Although respondent was subsequently employed in another public office, that subsequent position was distinct from the prior position in which he engaged in the alleged misconduct. The allegations of misconduct therefore "do not pertain to [a] person[ ] presently employed by the [public office in question]" (*Matter of Reports of Grand Jury No. 1 of County of Monroe*, 71 AD2d 1060, 1060

[1979]; *see Matter of Report of Apr. 1979 Grand Jury of Montgomery County*, 80 AD2d 654, 655 [1981]).

All concur except Fahey and Pine, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Fahey and Pine, JJ. (dissenting). We respectfully dissent. The circumstances of respondent's resignation make clear that respondent nevertheless remained a "public servant" pursuant to Penal Law § 10.00 (15) and was subject to the discipline of the grand jury pursuant to CPL 190.85 (1) (a).

In *Matter of Onondaga County District Attorney's Off.* (92 AD2d 32 [1983]), this Court concluded that a court's central inquiry when examining the circumstances surrounding the resignation of a named party in a grand jury report is whether that party continues to be a "public servant" (*see id.* at 35-36). In that case, the respondent resigned as a public servant employed by the City of Syracuse (City) before the grand jury report was filed, but he was subsequently rehired by the City to perform his former duties as an independent contractor. We thus concluded that the respondent continued to function as a public servant pursuant to Penal Law § 10.00 (15) (*see* 92 AD2d at 36). Here, we conclude that respondent's actions were "an obvious means of circumventing the statutory scheme" (*id.*). "To seal the Grand Jury report under the circumstances of this case would unreasonably and needlessly frustrate the sincere efforts of a conscientious Grand Jury from completing a salutary and necessary service for the public" (*id.* at 36-37; *see Matter of Report of March 1980 Grand Jury of Supreme Ct. of Ulster County*, 77 AD2d 58, 60 [1980]).

We therefore would reverse the order, deny respondent's motion to seal the report, and direct the filing of the report as a public record. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.