Matter of May/June 2018 Oneida County Grand Jury Report (John Doe #1) (2019 NY Slip Op 06356)





Matter of May/June 2018 Oneida County Grand Jury Report (John Doe #1)


2019 NY Slip Op 06356


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, NEMOYER, AND WINSLOW, JJ.


752 KA 18-02008

[*1]IN THE MATTER OF MAY/JUNE 2018 ONEIDA COUNTY GRAND JURY REPORT. JOHN DOE #1, A PUBLIC SERVANT, JOHN DOE #2, A PUBLIC SERVANT, AND JOHN DOE #3, A PUBLIC SERVANT, APPELLANTS; THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT. (APPEAL NO. 1.) 






DAVID A. LONGERETTA, UTICA, FOR APPELLANT JOHN DOE #1, A PUBLIC SERVANT. 
JOHN G. LEONARD, ROME, FOR APPELLANT JOHN DOE #2, A PUBLIC SERVANT.
REBECCA L. WITTMAN, UTICA, FOR APPELLANT JOHN DOE #3, A PUBLIC SERVANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeals from an order of the Oneida County Court (Michael L. Dwyer, J.), dated August 3, 2018. The order, insofar as appealed from, accepted the grand jury reports with respect to John Doe #1, John Doe #2 and John Doe #3. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law and the three grand jury reports that accused each appellant respectively of misconduct, nonfeasance, or neglect are sealed.
Memorandum: We agree with appellants, three public officials in Oneida County, that County Court erred in directing the public filing of three grand jury reports that accused each appellant respectively of misconduct, nonfeasance, or neglect in office (see generally CPL 190.85 [1] [a]). We note that the court also accepted a fourth report that is not challenged on appeal.
"It is incumbent upon the prosecutor to instruct the [g]rand [j]ury regarding the duties and responsibilities of the public servant . . . target[ed by] the probe' " (Matter of Second Report of Seneca County Special Grand Jury of Jan. 2007, 59 AD3d 1079, 1080 [4th Dept 2009]; see Morgenthau v Cuttita, 233 AD2d 111, 113 [1st Dept 1996], lv denied 89 NY2d 1042 [1997]; Matter of October 1989 Grand Jury of Supreme Ct. of Ulster County, 168 AD2d 737, 738 [3d Dept 1990]). "Without a charge as to the substantive aspects of the official's duties, it [is] not only impossible for the [g]rand [j]ury to determine that the public servant was guilty of misconduct, nonfeasance or neglect, but impermissible as well, for it allow[s] the [g]rand [j]ury to simply substitute its judgment for that of the public servant" (Matter of June 1982 Grand Jury of Supreme Ct. of Rensselaer County, 98 AD2d 284, 285 [3d Dept 1983]; see Second Report of Seneca County Special Grand Jury of Jan. 2007, 59 AD3d at 1080). Here, the prosecutor failed to provide the grand jury with any instructions regarding appellants' substantive duties in office. We therefore reverse the order insofar as appealed from and seal the three reports at issue on appeal (see Second Report of Seneca County Special Grand Jury of Jan. 2007, 59 AD3d at 1079-1080; June 1982 Grand Jury of Supreme Ct. of Rensselaer County, 98 AD2d at 285-286). Appellants' remaining contentions are academic in light of our determination.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court