ELLIS v. THOMAS et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1903.)

1. CONVERSION—EVIDENCE.

In an action for conversion of certain paintings in December, 1899, evidence of a witness who had examined the paintings in October, 1901, as to their value, was incompetent, in the absence of any evidence tending to show that the pictures examined were the same pictures as were alleged to have been converted.

2. SAME—PREJUDICIAL ERROR.

Where, in an action for damages for a wrongful dispossession of a tenant, including damages for conversion of personal property, the jury allowed $6,000 for the conversion, and the whole verdict was but $7,091.67, error of the court in admitting evidence as to the value of certain pictures converted, which formed a large part of the converted property, was prejudicial.

**8. SAME—VALUE OF PROPERTY—WORKS OF ART—WITNESSES—COMPETENCY.**

That plaintiff had worked in a furniture house, and knew the value of articles of furniture, and had been in the storage and auctioneering business, and had also been in the furnished-flat business, was insufficient to qualify him as an expert to give an opinion as to the value of oil paintings alleged to have been converted.

Goodrich, P. J., dissenting.

Appeal from Special Term, Queens County.

Action by John C. Ellis against William M. Thomas and another. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Alexander Blumenstiel, for appellants.

John L. Linehan, for respondent.

HOOKER, J. This is an appeal from a judgment in favor of the plaintiff for the sum of $7,823, entered upon the verdict of a jury, and from an order denying a motion for a new trial. The action was brought to recover damages for an alleged wrongful eviction of the plaintiff from certain premises on Sixth avenue, in the city of New York, leased to him by the defendants. The eviction occurred as a result of summary proceedings instituted against the plaintiff by the defendants for nonpayment of rent on the 1st day of December, 1899. The warrant of dispossession was executed on the 13th day of December of that year, and the respondent in that proceeding appealed to this court, where the final order was reversed on the ground that the justice had not obtained jurisdiction through the attempted substituted service of the precept upon this plaintiff. This action was brought pursuant to section 2263 of the Code of Civil Procedure, which, in cases of reversal of a final order in summary proceedings, gives to the person dispossessed the right to maintain an action to recover damages which he has sustained by the dispossession. The plaintiff alleges and introduces evidence to show that at the time of the eviction large amounts of personal property which belonged to him and were in the demised premises were withheld from him, and his later demand for their delivery was met with a refusal. The court requested the jury to give the details of the verdict, and one of the three items which went to make up the verdict, as the jury reported it, was the "damages for conversion of personal property, $6,000." The whole verdict was $7,091.67.

The plaintiff testified to a very large amount of personal property which he had installed in the premises, and which he claims was converted, and with it were some 30 oil paintings. In addition to the plaintiff's own testimony, he called one expert, Peter Lihou, to testify to their value. Mr. Lihou swore that he had been engaged for 25 years in the sale and handling of pictures and works of art, and knew their value; that he had handled oil paintings, and owned a large art store; that for a number of years he had been connected with art galleries. He said that he had been to the premises in question on three different occasions, and had noticed paintings in differ-

ent parts of the building. He was then asked their value, which was objected to on the ground that "it is not within the issue, and is irrelevant and immaterial." The objection was overruled, and exception taken. The witness testified that the paintings were of the value of between three and four thousand dollars. From his cross-examination, it appeared that the examinations he had made of the pictures were very recently before the trial, which occurred in October, 1901. Defendants' attorney then moved to strike out the evidence of the witness on the ground that it did not appear that the pictures he had examined were the same pictures, which motion was denied, and defendants excepted. It cannot be assumed that the pictures which were upon the walls of the premises in October, 1901, were the same paintings that were installed by the plaintiff and left there by him at the time he was evicted, in December, 1899, nearly two years previous. There is no evidence in the printed record which connects the pictures which the witness saw there in October, 1901, with the pictures claimed to have been converted by the defendants.

The denial of the motion to strike out the evidence was therefore error, and must be held to have been prejudicial, inasmuch as without it there is no evidence in the case as to the value of these pictures. It appears that the oil paintings were a very considerable portion, both in bulk and in value, of the property which the plaintiff claims was taken from him; and inasmuch as the jury has allowed six thousand dollars damages for the conversion of the personal property in the premises, upon plaintiff's evidence that it was worth between ten and eleven thousand dollars, we cannot say that they were not influenced largely by the evidence of the witness Lihou that the paintings in question were worth between three and four thousand dollars.

The plaintiff's evidence cannot be held sufficient to qualify him as an expert upon the value of such oil paintings as appear to be in controversy in this case. The property claimed to have been converted consisted of many kinds of household, barroom, and general furniture, upholstery, paintings, and musical instruments. Upon the question of plaintiff's qualification to testify as to the value of the property, it appears that he worked for nine years for a furniture house in Cleveland, and that experience, in connection with his business later on, he says, gives him an intimate knowledge of value and prices of articles of furniture and chattels such as were in his place at the time he was evicted. He then testified that:

"About ten years after that, I was in the storage, teaming, and auctioneering business in Cleveland, Ohio, and made a specialty of handling household goods of all descriptions, and also art sales; and in fact I had a general auctioneering business, and once in a while machinery and real estate for the United States government, in Cleveland; and after coming to New York, about ten years ago, I went in the furnished-flat business."

It cannot be held, upon this, which is the only evidence of plaintiff's qualification to speak as an artist, that he was sufficiently expert to give any opinion as to the value of oil paintings. An expert must be one who has some special, particular, or practical knowledge in relation to the special department of the affairs of men as would qualify him to stand as an expert skilled enough to teach others.

An expert is one instructed by experience, and to become such requires a course of previous habit and practice or of study, so as to be familiar with the subject. Carter v. Boehm, 1 Smith's Leading Cases, 286; Nelson v. Sun Mutual Insurance Co., 71 N. Y. 453. The bare suggestion that plaintiff made a specialty of handling household goods of all descriptions, "and also art sales," is quite insufficient to qualify him as a person specially skilled in the values of oil paintings, or to enable him to teach others in relation thereto. While it has been held that whether a witness offered as an expert has sufficient qualifications is generally a question of fact to be decided by the trial judge, and his decision will not be held to present any question of law requiring a reversal unless it is against the evidence, and wholly without support of the facts appearing in the case (Slocovich v. Orient Mut. Ins. Co., 108 N. Y. 56, 14 N. E. 802), we are at liberty to reverse this judgment for error of the trial judge in deciding this issue of fact as to plaintiff's qualifications as an expert. Defendants fairly raised the objection that plaintiff was not shown to be an expert, and that his testimony was incompetent.

For these errors, the judgment must be reversed, and a new trial granted; costs to abide the event. All concur, except GOODRICH, P. J., who dissents.