Ralph Diamond, J.
This is an omnibus motion by the defendant to dismiss the information for legal insufficiency, a request for a hearing to determine the admissibility of defendant’s statements and for an order to suppress certain evidence.
The District Attorney opposes the motions. His affidavit in opposition to the dismissal motion states that, “ the facts support the accusatory language of the Statute * * * submit ■that the information is legally .sufficient.”
The defendants are charged with a violation of section 170.45 of the Penal Law. The original motion was made by defendant David James and later defendants William Thomas and Nor-wood Cooper joined in said motions. The defendants are being charged with the possession and offer for sale of a 1-jewel watch which they stated to be a 17-jewel Seiko wristwatch.
Section 170.45 of the Penal Law reads as follows:
“ A person is guilty of criminal simulation when:
“ 1. With intent to defraud, he makes or alters any object in such a manner that it appears to have an antiquity, rarity, source or authorship which it does not in fact possess; or
“ 2. With knowledge of its true character and with intent to defraud, he utters or possesses an object so simulated.”
The defendant argues that a violation of this section involves only simulated items of antiquity, rarity or source or authorship. The People contend that subdivision 2 of section 170.45 of the Penal Law does not limit itself to any particular simulation.
The interpretation of the scope of this section appears to be one of first impression. In reviewing the statute we must consider the object which the statute was designed to accomplish and study the language used by the Legislature in promulgating this section.
Words contained in a statute must, of course, be given the meaning to which they are reasonably entitled but this does not *807 mean that we must accept the language in all its sheer literalness and forget completely the object which the statute was designed to accomplish (Matter of Kelly v. Sugarman, 12 N Y 2d 298).
The test is whether a reasonable man subject to the statute would be informed of what is required of him. The test is satisfied if the statutory words ‘ ‘ have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden.” (People v. Byron, 17 N Y 2d 64, 67.)
With these principles in mind, the court has examined section 170.45 of the Penal Law. The section contains two subdivisions, each spelling out a separate crime.
The language in subdivision 1 is clear, concise and unambiguous. It requires proof of each of the following elements: (a) that the defendant made or altered an object; (b) that after the object was produced or altered, it appeared to have an antiquity, rarity, source or authorship which in fact it did not have; (c) that the defendant made or altered said object in that manner with the intention to defraud.
Subdivision 2 of section 170.45 uses the phrase, “ with intent to defraud, he utters or possesses an object so simulated.” The use of the words, “ so simulated ” makes it obvious that this subdivision cannot stand by itself. We must look further to fipd the type of simulation required to violate this subdivision.
It appears to the court that unquestionably the Legislature by including the crime described in subdivision 2, as part of section 170.45, clearly intended the description “ so simulated ” to be an object appearing to have an antiquity, rarity, source or authorship as stated in subdivision 1 of that section. No other reasonable interpretation is possible.
The court therefore finds that each of the following elements is necessary to convict a defendant of a violation of subdivision 2 of section 170.45 of the Penal Law: (a) that the defendant uttered a statement about or possessed an object; (b) that the object had been so made or altered as to have an appearance of antiquity, rarity, source or authorship, which it did not in fact have; (c) that the defendant knew the true character of the object; (d) that he made the statement about or possessed said object with the intention to defraud.
The information herein charges the defendants with being in possession of a Seiko watch allegedly 17 jewels and offering the same for sale, with the intent to defraud, when they knew that it was not the true character of the watch. The informa *808 tion refers only to section 170.45 of the Penal Law, without setting forth the particular subdivision being charged.
The information charges the defendants with being involved with a Seiko watch, a modern commercially-manufactured product. The court finds that this type of object does not meet the necessary element of antiquity, rarity, source or authorship required in this section.
It is the conclusion of the court, that even if all the facts alleged in the information were true, they would' not constitute a violation of either subdivision of section 170.45 of the Penal Law. The court therefore, grants the defendant’s motion to dismiss as to defendants David James, William Thomas and Norwood Cooper.
The defendant’s remaining motions are denied as moot in view of the court’s granting of defendant’s dismissal motion.