■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD H. PATERSON, Appellant.—Judgment unanimously modified, on the law and facts, by reversing the conviction on Count No. 20 and dismissing the count of the indictment, and otherwise judgment affirmed. Memorandum: Defendant was indicted on 38 counts of grand larceny, falsifying business records, official misconduct and filing of false instruments. The court dismissed five of the counts and the jury convicted defendant of the other 33 counts or lesser included crimes. We find no merit in defendant's claim that the court erred in denying his motion to dismiss the indictment on the District Attorney's opening statement. The District Attorney's discussion under Count No. 1 of the indictment was adequate to inform the jury and the defendant that the People expected to prove that defendant acted knowingly and with intent to defraud. We also conclude that, except with respect to Count No. 20, the People's proof was sufficient for the jury to find on the circumstantial evidence that defendant acted knowingly and with intent to defraud and that there was no other reasonable explanation for his conduct. With respect to Count No. 20, however, we conclude that the People failed to preclude the inference that defendant did not use the $950 involved therein for estate purposes, and so the conviction on that count is reversed and the count is dismissed. On cross-examination the District Attorney made improper use of two checks implying therefrom that defendant had received and cashed 28 other checks which were not produced, whereas a mere telephone call on his part would have revealed to him that this was not true. The court, however, excluded all testimony relating to the checks. The District Attorney also used some handwritten notes by defendant which had not previously been made available to him, although defendant had moved for disclosure of all *Brady* material. Defendant does not claim that the materials were exculpatory. If there was any error in this conduct by the District Attorney, it was harmless. There was no evidence or claim that defendant took the moneys under claim of right, and so there was no reason for the court to charge subdivision 1 of section 155.15 of the Penal Law. Moreover, defendant made no request for such charge and did not except to the court's failure so to charge; and so the point was not preserved for

review. (Appeal from judgment of Niagara Supreme Court—grand larceny, second degree, and other charges.) Present—Simons, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.