OPINION OF THE COURT
Leslie Crocker Snyder, J.
On December 21,1984, defendants were arrested and charged with four counts of criminal simulation in violation of Penal Law § 170.45,[1] a class A misdemeanor. The defendants are alleged to have possessed gold-colored jewelry which was falsely stamped to indicate that it was 14- and 18-karat gold, and to have sold said jewelry to street vendors. It is alleged that the defendants, with knowledge of the jewelry’s true character, altered it in such a manner that it appeared to have a rarity which it did not in fact possess.
Defendants move for an order dismissing this criminal action on the ground that the complaint is legally insufficient. In support of this motion the defendants allege that “These mass-produced charms, chains, watches, bracelets and rings had no rarity as genuine items or as fakes.” (Affirmation of D. Krieger and relying on People v James, 79 Misc 2d 805 [Dist Ct, Nassau County 1974, Diamond, J.].)
*714 In People v James (supra), the court, after analyzing Penal Law § 170.45, found that a Seiko watch is a modern commercially manufactured device which lacks the necessary element of rarity, antiquity, source or authorship. The James court concluded that such a modern manufactured device could not be protected under Penal Law § 170.45. I respectfully disagree.[2] This court finds that a modern commercially manufactured product can be protected under Penal Law § 170.45.
The criminal simulation statute is essentially a forgery statute which extends beyond the forgery of written documents and instruments. The New York criminal simulation statute substantially adopts a provision of the Model Penal Code of the American Law Institute which “is based on the judgement that the penal law may appropriately reach the fraudulent simulation of antique furniture, paintings, jewels, and other objects” (Model Penal Code and Commentaries [part II] § 224.2, at 306-307). The rationale applicable to this section is that “the existence of non-genuine objects undermines confidence in the genuine and thus constitutes a burden on this branch of commerce.” (Model Penal Code and Commentaries [part II] § 224.2, at 307.)
This court finds that nothing in the language of the statute would bar the prosecution of a defendant who forges or alters a modern commercially manufactured product. On the contrary, it appears that the purpose of the statute is to protect consumers.
In addressing the specific issue raised by the defendants, the court must decide whether the stamping of ordinary jewelry as 14- and 18-karat gold imparts any appearance of “rarity”[3] to it within the meaning of the statute.
Gold’s uncommon nature and general scarcity are reflected in its high price per ounce. Mason and Parker’s Illustrated Dictionary of Jewellery (English) characterizes gold as “sufficiently rare to be highly valued.” This rarity is demonstrated by the fact that only an estimated 91,000 tons of gold have been extracted from the earth during all of recorded history, as much as could be contained in a cube with 18-yard sides. By comparison, more steel is poured in one hour than gold since the beginning of time. (Gold Information Center, Man and his Gold [1984].) I find, *715 therefore, that gold has an inherent “rarity” within the meaning of Penal Law § 170.45.
In the instant case, the three-prong requirement of the statute, subdivision (1), is met: (1) the defendants allegedly made or altered the objects (stamping gold-colored jewelry with a “gold” stamp) (2) which appeared to have a rarity (gold) they did not possess and (3) the objects were made with intent to defraud (the false “gold” stamp). Further, the objects (4) were uttered and possessed with knowledge of their character and intent to defraud, satisfying the remaining criterion of subdivision (2) of the statute. Either or both subdivisions of the statute are applicable here.
The complaint correctly sets forth all statutory requisites.[4] Therefore, defendants’ motion for dismissal of the complaint as defective is denied.

. Pursuant to Penal Law § 170.45, a person is guilty of criminal simulation when:
“1. With intent to defraud, he makes or alters any object in such manner that it appears to have an antiquity, rarity, source or authorship which it does not in fact possess; or
“2. With knowledge of its true character and with intent to defraud, he utters or possesses an object so simulated.”

. The principle of stare decisis does not bind this court to follow the statutory interpretation reached in James (supra; see, Matter of Higby v Mahoney, 48 NY2d 15 [1979]; People v Hobson, 39 NY2d 479 [1976]; People v Rodriguez, 101 Misc 2d 536, 539 [Sup Ct, Kings County 1979, McShane, J.]).

. Webster’s Dictionary (2d ed) defines rare as: “(1) uncommon; not frequently found; scarce; unusual. (2) unusually excellent; remarkably fine. (3) not close together; scattered (obs.). (4) thin; porous; not dense; rarefied; applied especially to the atmosphere; as mountain air is rare.” (Emphasis added.)

. Defendants raise the issue that any prosecution for such actions should proceed under General Business Law § 229-i. General Business Law § 229-i is clearly intended to prohibit the conduct prohibited by Penal Law § 170.45. The fact that the People chose to proceed under the Penal Law as opposed to the General Business Law is of no consequence to the defendants. A violation of either section is a misdemeanor and a prosecution under the Penal Law requires, if anything, more stringent proof of guilt.
The court sees no conflict between the two statutes. General Business Law § 229-i is merely an example of continued legislative interest in the important area of consumer fraud protection.