OPINION OF THE COURT
Robert H. Straus, J.
The issue this court must address in this motion to dismiss is whether the criminal simulation statute of the Penal Law, which speaks in terms of "antiquity” and "rarity,” applies to freshly manufactured wristwatches falsely labeled with designer names.
The defendant is charged with criminal possession of forgery devices (Penal Law § 170.40 [2]) and criminal simulation (Penal Law § 170.45 [1]). It is alleged in the accusatory instrument that the defendant possessed 41 printing stamps with designer names and altered over 2,000 wristwatches by im *1097 printing them with names such as Rolex, Cartier, Gucci and Seiko.
The defendant has moved pursuant to CPL 170.30 (1) (a) to dismiss only the count charging him with criminal simulation on the ground that it is facially insufficient. Specifically, the defendant contends the information fails to allege sufficiently that the defendant acted with the "intent to defraud,”[1] but in deciding this question the court must necessarily address the over-all sufficiency of the criminal simulation charge in light of conflicting case law on the subject.
It is well established that an intent to defraud may be established by circumstantial evidence. (People v Ford, 88 AD2d 859, 861 [1st Dept 1982]; People v Paterson, 73 AD2d 1048 [4th Dept 1980].) In the information it is alleged the defendant possessed 41 printing stamps used for printing designer names on the faces of wristwatches, over 5,000 unaltered wristwatches, and 940 watches stamped Rolex, 520 *1098 stamped Seiko and 830 stamped Gucci or Cartier. The court finds the defendant’s possession of such a large number of imitation designer watches (along with all the necessary equipment to produce more) provides reasonable cause to believe that the defendant, with the intent to defraud, altered these wristwatches and planned to sell them under the imprinted designer name. The defendant’s motion to dismiss the charge of criminal simulation for lack of proof of criminal intent is therefore denied.
A more significant question, not directly addressed by the defense, is whether the altering of these recently manufactured wristwatches constitutes the offense of criminal simulation which, on its face, may appear to apply only to objects of antiquity or rarity. Penal Law § 170.45 (1) provides that a person is guilty of criminal simulation when "[w]ith intent to defraud, he makes or alters any object in such manner that it appears to have an antiquity, rarity, source or authorship which it does not in fact possess”.
There is no appellate authority on the issue of whether a modern commercially manufactured item falls within the purview of Penal Law § 170.45. The only two lower courts in New York to have addressed this issue reached opposite conclusions (compare, People v Hafif, 128 Misc 2d 713 [Crim Ct, NY County 1985], with People v James, 79 Misc 2d 805 [Dist Ct, Nassau County 1974]).
In People v James (supra), the court held that defendant’s possession and offering for sale of an imitation Seiko watch did not constitute a violation of Penal Law § 170.45 as a Seiko watch did not meet the necessary element of antiquity, rarity, source or authorship as is required under this section.
Subsequently, in People v Hafif (supra), the court found that defendants’ stamping of ordinary jewelry as 14 and 18 karat gold was the type of conduct prohibited under the statute. In reaching this conclusion, the court held that gold possessed sufficient rarity to be encompassed under the statute. The court rejected the literal interpretation of Penal Law § 170.45 adopted by the court in James (supra) and noted: "[N]othing in the language of the statute would bar the prosecution of a defendant who forges or alters a modern commercially manufactured product. On the contrary, it appears that the purpose of the statute is to protect consumers.” (Supra, at 714.)
A similar result was reached by the Supreme Court of Utah in State v Frampton (737 P2d 183 [1987]). In Frampton, the court upheld the defendant’s conviction of two counts of *1099 criminal simulation in a statute similar to New York’s[2] based upon the defendant’s act of offering for sale baseball gloves purportedly made by Wilson Sporting Goods when the defendant knew the gloves were imitation. The court cited Hafif (supra) with approval and held that the criminal simulation statute was designed to protect consumers and, as with other consumer protection statutes, should be construed broadly to include commercially manufactured products. (Supra, at 192-193.) The court found the statute applied to the imitation Wilson gloves because their value was derived from their purported source.
This court agrees with the reasoning of People v Hafif (supra) and State v Frampton (supra), and finds that the altering of wristwatches with a designer imprint is prosecutable under Penal Law § 170.45. Among the many definitions of "source” listed in Webster’s Third International Dictionary 2177 (1986) is supplier. The watches which the defendant is alleged to have altered were made to appear more valuable because of their source or supplier, i.e., Seiko, Rolex, Gucci, Cartier, etc. The defendant is thus properly charged with altering an object in such a manner that it appears to have a source which it does not. This is precisely the type of conduct prohibited by the plain language of the statute.
Additional support for this interpretation of Penal Law § 170.45 is found in its legislative history. The New York criminal simulation statute substantially adopts section 224.2 of the Model Penal Code of the American Law Institute. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 170.45, at 313.) The Commentary to section 224.2 of the Model Penal Code provides: "[Section 224.2] is based on the judgment that the penal law may appropriately reach the fraudulent simulation of antique furniture, paintings, jewels and other objects not within the *1100 definition of a 'writing’ * * *. The rationale of forgery is applicable to a considerable extent; that is to say, a 'forged’ antique or painting has the potential for defrauding a series of transferees as it passes from hand to hand. Also, the existence of non-genuine objects undermines confidence in the genuine and thus constitutes a burden on this branch of commerce.” (ALI Model Penal Code and. Commentaries § 224.2, Part II, at 306-307.)
In sum, this court finds that both the plain language and legislative history of Penal Law § 170.45 support the conclusion that the statute was meant to prohibit the fraudulent simulation of present-day commercially manufactured products. The defendant’s motion to dismiss this charge is denied.

. The information against the defendant reads, in pertinent part, as follows:
"On November 30,1988, at about 2300 hours at 306 West 51st Street, Apt. 4B in the County and State of New York, the defendants committed the offenses of:
"1. PL § 170.40 (2) Criminal Possession of Forgery Devices
"2. PL § 170.45 (1) Criminal Simulation
"in that the defendants, with the intent to use for the purposes of forgery the defendants made and possessed equipment capable of making forgeries; and the defendants, with the intent to defraud, made and altered an object to give it the appearance that it had an antiquity, rarity and authorship which it did not in fact possess.
"The offenses were committed under the following circumstances:
"Deponent states that the defendants, made or possessed with knowledge of its character a plate, die or other device, apparatus, equipment or article specifically designed for use in counterfeiting or otherwise forging written instruments, in that deponent found defendants at the abovementioned address in possession 41 printing stamps with designer names (including Rolex, Seiko, Gucci, Cartier) used for printing designer names on the face of the wristwatch as well as 3 stamping machines, 2 machines for resetting the crystal in a watch and 17 invoices indicating the purchase of watches by David Thai. Deponent further states that he recovered in excess of 5,000 wristwatches from the abovementioned address.
"Deponent further states that the defendants, with intent to defraud, made or altered an object in such a manner that it appears to have an antiquity, rarity, source or authorship which it does not in fact possess in that deponent found defendants at abovementioned address in possession of in excess of 940 costume watches with the name Rolex imprinted on them, and in excess of 520 costume watches with the name Seiko imprinted on them, and in excess of 830 watches with the name Gucci or Cartier imprinted on them.”

. The Utah criminal simulation statute (Utah Code Ann § 76-6-518) reads as follows:
"(1) A person is guilty of criminal simulation if, with intent to defraud another:
"(a) He makes or alters an object in whole or in part so that it appears to have value because of age, antiquity, rarity, source, or authorship that it does not have; or
"(b) He sells, passes, or otherwise utters an object so made or altered; or
"(c) He possesses an object so made or altered with intent to sell, pass, or otherwise utter it; or
"(d) He authenticates or certifies an object so made or altered as genuine or as different from what it is.”