OPINION OF THE COURT
Allan L. Winick, J.
Defendant was indicted for the crimes of criminal possession of a weapon, third degree (Penal Law § 265.02 [1]) and fraudulent accosting (Penal Law § 165.30).
With respect to the first count of the indictment, criminal *753 possession of a weapon, third degree, this court finds that there are no grounds upon which to dismiss this count of the indictment.
The court has inspected the Grand Jury minutes in camera and finds that it is not necessary to release the minutes or any portion thereof to the defendant’s attorney to assist the court in making its determination. (CPL 210.30 [3].)
Upon inspection of the Grand Jury minutes, this court finds that the evidence before the Grand Jury was legally sufficient to support that crime charged in the indictment or any lesser included offenses. (CPL 210.30.)
Further, the Grand Jury proceeding was not defective; proper legal advice and adequate instructions were given by the District Attorney. (CPL 210.35 [5]; 190.25 [6].)
Finally, the indictment conforms to the requirements of CPL 200.50.
However, with respect to the second count of the indictment, fraudulent accosting, a different result must ensue. In this case, a woman approached the "alleged victim” with a zipper bag. The woman asked the "victim” if she dropped the bag. In the bag was a package which looked like a lot of money. The defendant then approached the two of them and apparently the three agreed to split this money. The defendant, the other woman and the "alleged victim” left the mall. The defendant and the "alleged victim” entered an automobile. The other woman returned to the mall to "verify” the money that was found. It was later determined that the package was actually cut up newspaper with a real $10 or $20 bill on either side encircled by a bank money band.
Penal Law § 165.30 defines fraudulent accosting as follows:
"1. A person is guilty of fraudulent accosting when he accosts a person in a public place with intent to defraud him of money or other property by means of a trick, swindle or confidence game.
"2. A person who, either at the time he accosts another in a public place or at some subsequent time or at some other place, makes statements to him or engages in conduct with respect to him of a kind commonly made or performed in the perpetration of a known type of confidence game, is presumed to intend to defraud such person of money or other property.”
The actual statutory crime is set forth in subdivision (1). Subdivision (2) is a presumption constituting an intent to defraud.
*754 Prior to taking testimony, the Grand Jury heard a complete charge from the District Attorney with respect to fraudulent accosting, including both subdivisions of the statute. However, at the conclusion of the testimony, the People charged the Grand Jury only with respect to subdivision (2) of Penal Law § 165.30 and omitted subdivision (1), the substantive crime.
A Grand Jury need not be instructed with the same precision that is required when a petit jury is instructed on the law. It must be provided with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime. (People v Calbud, Inc., 49 NY2d 389.) The problem in this case is that the Grand Jury can be misled if it is not properly charged at both junctures of the presentation. An incomplete charge at the conclusion of the case omitting the substantive crime can only create confusion among the members of the Grand Jury.
Furthermore, what is also troubling to the court is the language of the statutory presumption which requires that persons charged with this crime must be perpetrating a "known type of confidence game”. The courts have defined a "confidence game” as a term of art. There are only a few cases interpreting this term. What apparently is required is the taking of money by fraud from a victim by means of luck or deception after the victim’s confidence has been served through some false representation or deception. (People v Williams, 93 Misc 2d 726.) However, the statute requires this "confidence game” to be a known type. Webster’s Ninth Collegiate Dictionary defines "known” as something that is "generally recognized”.
How does a layman know what is a "confidence game” and when a "confidence game” is generally recognized? The Commentary of Judge Donnino (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.30, at 252) suggests that an expert witness may be required. An expert witness is required where scientific, technical or other specialized knowledge will assist the jury or Grand Jury to understand the evidence or to determine a fact in issue. Such expert must possess the knowledge required to draw correct inferences from evidence relating to a matter that is not within the realm of common knowledge. (See, Ellis v Thomas, 84 App Div 626.) Without expert testimony, the Grand Jury cannot make a determination as to whether the scheme testified to by the witnesses is a "known confidence game”. *755 Succinctly, in the absence of such testimony as to a "confidence game” there is no explanation of the significance of the evidence and as a result, the intent cannot be presumed.
Therefore, the court dismisses the second count of the indictment with leave to resubmit within 45 days.