OPINION OF THE COURT
Rosalyn H. Richter, J.
Defendant is charged with criminal simulation (Penal Law § 170.45 [2]) and fraudulent accosting (Penal Law § 165.30 [1]). Defendant now moves to dismiss the complaint for facial insufficiency.
An information is facially insufficient unless it contains facts of an evidentiary character tending to support the charges. (CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986].) An information must provide not only reasonable cause to believe defendant committed the charged offense, but must also contain nonhearsay allegations which, if true, establish every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [b], [c]; People v Alejandro, 70 NY2d 133 [1987].)
The factual portion of the accusatory instrument reads as follows:
"Deponent states that she is informed by John Seek, security investigator of Hardrock Cafe, that informant observed defendant displaying sweatshirts with the 'Hardrock Cafe’ insignia for sale for five dollars ($5.00) each, and that defendant was seated behind the table in which said shirts were displayed.
"Deponent further states that she is informed by Mr. Seek that he is custodian of all sweatshirts bearing the 'Hardrock Cafe’ insignia; that Hardrock Cafe has exclusive rights to sell such property, and that the shirts which defendant was selling were counterfeit, in that the material, the logo, the tags, and the printing were altered and of lesser value than the 'Hardrock Cafe’ shirts for which Hardrock Cafe has exclusive rights.
"Deponent further states that she is informed by Mr. Seek that defendant did not have permission or authority to alter, possess or sell counterfeit 'Hardrock Cafe’ shirts.”
Defendant argues that the Hardrock Cafe shirts involved here are not the type of item that is covered by the criminal simulation statute. The courts are divided regarding the appli *744 cation of the criminal simulation statute to products that are designed to imitate modern commercially manufactured products. (Compare, People v Thai, 143 Misc 2d 1096 [Crim Ct, NY County 1989] [applying statute to wristwatches with a designer imprint], and People v Hafif, 128 Misc 2d 713 [Crim Ct, NY County 1985] [statute covers jewelry stamped as 14 and 18 karat gold], with People v James, 79 Misc 2d 805 [Dist Ct, Nassau County 1974] [statute does not cover imitation Seiko watch].) This court agrees with the analysis in Thai and Hafif and concludes that the criminal simulation statute covers the sweatshirts involved here.
Neither the language of Penal Law § 170.45 nor the legislative history of the statute show that it should be restricted, as the court in James (supra) held, to antiques or other rare objects. Rather, the statute prohibits the making or alteration of any object so that it appears to have an "antiquity, rarity, source or authorship which it does not in fact possess”. (Penal Law § 170.45 [1].) In interpreting a statute, the court must assume "that the Legislature did not deliberately place in the statute a phrase intended to serve no purpose.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [b]; People v Cullen, 99 Misc 2d 646, 649 [Sup Ct, Kings County 1979].) If the statute were intended to apply only to antique and rare objects, there would have been no need to include the terms "source or authorship”.
The purpose of the law, which is based on section 224.2 of the Model Penal Code, is to protect the buying public from deception and trickery. Thus, the statute, in essence, prohibits an individual from knowingly selling an object as genuine when it is really fake. The Hardrock Cafe in New York is part of an international chain of restaurants, which also sells clothing bearing its name and logo. The restaurant’s name and logo are distinctive and as recognizable as other designer names, which have become identified with certain products, such as "Gucci” or "Cartier”. Though the shirts may not have the same monetary value as a watch or a piece of jewelry, they have some worth because of their affiliation with the restaurant chain. Indeed, tourists regularly buy such items as a memento of their visit to the Cafe. By using the name and logo, the manufacturer of the sweatshirts sought to convey that these were authentic souvenirs even though this was not true. Such an attempt to imitate the "source” of an object falls within the confines of Penal Law § 170.45.
Defendant also argues that the complaint fails to establish *745 an "intent to defraud” because it does not establish that he made any affirmative representation that the shirts were genuine. It is beyond dispute that an intent to defraud may be established by circumstantial evidence. (See, People v Carey, 103 AD2d 934 [3d Dept 1984]; People v Ford, 88 AD2d 859, 861 [1st Dept 1982].) The term defraud has been defined as "to cheat”. (2 CJI[NY] PL 170.45 [2], at 1131.) The logical purpose of having the name and logo of the Hardrock Cafe printed on the sweatshirts is to lead potential buyers to believe that the items actually belonged to the restaurant chain. The defendant’s selling of these items, which appeared to be something they were not, is sufficient to show that he was trying to cheat and thereby to defraud customers. (See generally, People v Ramirez, 168 AD2d 908, 909 [4th Dept 1990].) The motion to dismiss the criminal simulation count is denied.
Defendant also contends that the charge of fraudulent accosting is defective because it fails to allege that he accosted anyone. This court has found no cases discussing the meaning of the term "accost” as it is used in this statute. The dictionary definition of the term is "to approach and speak to often in a challenging or aggressive way.” (Webster’s New Collegiate Dictionary [9th ed 1984].) This definition has been incorporated into the standard jury charge which provides that "[t]o 'accost’ means to approach and speak to another person without first being spoken to.” (2 CJI[NY] PL 165.30, at 1034; see also, Charges to the Jury in a Criminal Case § 35.09, at 56 [1989].) Thus, an essential element of the crime is that the defendant initiate contact with the potential victim in some manner.
In the instant case, the complaint fails to indicate that defendant approached anyone, called out to potential customers or made any effort to initiate contact with any passersby. Though defendant may have hoped that people would walk over to the table where he was seated, this essentially passive behavior is not "accosting.”
The deficiency in the instant complaint is apparent when you examine other cases in which fraudulent accosting charges have been brought. In these cases, the defendant typically approaches a stranger on the street with some story in an effort to gain the victim’s confidence and to obtain the victim’s money. (See, e.g., People v Hill, 161 AD2d 478 [1st Dept 1990] [defendant and his accomplices approach a woman and offer to share money in a wallet they found if victim withdraws money from her bank]; People v Thomas, 150 Misc *746 2d 752 [Nassau County Ct 1991] [defendant asks victim if she dropped a bag that appeared to contain money].) Though the statute covers any type of swindle or trick (see, e.g., People v Farrar, 120 Misc 2d 464 [Crim Ct, NY County 1983] [selling of fake gold chain]), the "accosting” element in Penal Law § 165.30 requires that the defendant take some affirmative action to make contact with the victim for the purpose of involving that individual in the scam. To conclude otherwise would be to ignore the plain language of the statute and would render the Legislature’s use of the word "accosting” meaningless. Under basic rules of statutory construction, this court must assume that the Legislature included this term for a specific reason. (See, People v Ebuzome, 107 Misc 2d 464, 466 [Sup Ct, Queens County 1981].) Thus, since the factual allegations in the complaint do not establish the essential element of accosting, this count is dismissed.