The People of the State of New York, Respondent, 
against
Walter Morrison, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered March 11, 2015, convicting him, upon a plea of guilty, of fraudulent accosting, and imposing sentence.




Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered March 11, 2015, reversed, on the law, and the accusatory instrument is dismissed.
The accusatory instrument charging fraudulent accosting (see Penal Law §165.30[1]) was jurisdictionally defective. The instrument recited, in relevant part, that defendant was observed standing outside the Port Authority Bus Terminal and wearing an "orange traffic vest," "hail[ing] several cabs for passengers," placing "passengers' bags inside the cabs" and "accept[ing] $1 from a cab passenger." The information further alleged that there was "no taxi dispat[ch] service that people would have to pay for" at that location. 
The quoted facts, even when taken together with all reasonable inferences which can be drawn from those facts (see People v Jackson, 18 NY3d 738, 747 [2012]), were insufficient to support the "accosts" element of the offense charged, which "requires that defendant take some affirmative action to make contact with the victim for the purpose of involving that individual in the scam" (People v Tanner, 153 Misc 2d 742, 746 [Crim Ct, New York County 1992, (Richter, J.)]; see also People v Bannister, 37 Misc 3d 1229[A], 2012 NY Slip Op 52240[U] [Crim Ct, New York County 2012 (Mandelbaum, J.)]). There was no allegation that defendant approached anyone, called out to potential customers or made any effort to initiate contact with any passersby (see People v Tanner, 153 Misc 2d at 745). Thus, the factual allegations in the accusatory instrument did not establish that defendant accosted anyone, an essential element of the offense.
Inasmuch as defendant has served his sentence, and the record does not demonstrate that further proceedings on the remaining petty offense would serve any compelling penological purpose, we dismiss the accusatory instrument.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 24, 2017