People v Mitchell (2020 NY Slip Op 51240(U))

[*1]

People v Mitchell (Marc)

2020 NY Slip Op 51240(U) [69 Misc 3d 133(A)]

Decided on October 23, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 23, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570137/16

The People of the State of New York,
Respondent,
against
Marc Mitchell, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Stephen Antignani, J.), rendered February 17, 2016, convicting him, upon his plea
of guilty, of fraudulent accosting, and imposing sentence.

Per Curiam.
Judgment of conviction (Stephen Antignani, J.), rendered February 17, 2016, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it
described facts of an evidentiary nature establishing reasonable cause to believe that defendant
was guilty of fraudulent accosting (see Penal Law § 165.30), the charge to which
defendant ultimately pleaded guilty. The instrument recited that defendant was observed in
Times Square standing next to a makeshift table, on which there was a black box with a slit,
trying to obtain money from pedestrians by falsely representing that the funds would go to
charitable organizations supporting the homeless, when in reality defendant would keep the
money himself. Defendant's intent to defraud (see Penal Law § 15.00) may be
inferred from his statements, conduct and the surrounding circumstances (see also People v Gordon, 23 NY3d
643, 650 [2014]; People v
Phillips, 60 Misc 3d 126[A], 2018 NY Slip Op 50906[U] [App Term, 1st Dept 2018],
lv denied 32 NY3d 940 [2018]; People v Lewis, 56 Misc 3d 126[A], 2017 NY Slip Op 50800[U]
[App Term, 1st Dept 2017], lv denied 30 NY3d 951 [2017]). The accosting element of
the offense was satisfied by allegations that defendant "ask[ed] passing pedestrians to 'Help the
Homeless'" (see People v Morrison,
58 Misc 3d 19 [App Term, 1st Dept 2017], quoting People v Tanner, 153 Misc 2d
742, 746 [Crim Ct, NY County 1992 (Richter, J.)] [the "accosts" element of the offense "requires
that the defendant take some affirmative action to make contact with the victim for the purpose
of involving that individual in the scam"]).

 THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
 I concur I concurI concur
Decision Date: October 23, 2020